**Mir Mahabub HASSAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–2666–ag.

United States Court of Appeals, Second Circuit.

March 30, 2007.

Saleem S. Rizvi, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

. Petitioner Mir Mahabub Hassan, a native and citizen of Bangladesh, seeks review of the May 9, 2006, order of the BIA affirming the December 22, 2004, order of Immigration Judge ("IJ") Noel A. Ferris denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mir Mahabub Hassan*, No. A72 436 157 (B.I.A. May 9, 2006), *aff'g* No. A72 436 157 (Immig. Ct. N.Y. City Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005)(per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or

its fact-finding process was sufficiently flawed. *See Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

▮ In order to be sustained, an IJ's adverse credibility finding must be based on "specific, cogent reasons. [that] bear a legitimate nexus to the finding." *Secaida– Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003)(internal quotation marks and citations omitted). The IJ's primary reason for discrediting Hassan's testimony was that he testified to two beatings that he did not describe in his asylum application. Reliance on these omissions is logically flawed because—unlike current asylum applications—the application that Hassan completed did not ask him to describe how he was persecuted or why he believed he was entitled to asylum. Nor did it ask that he describe beatings or other incidents of persecution. Hassan described his imprisonment only because the application specifically asked whether he had been imprisoned or detained. While the IJ noted other factors that she believed undermined Hassan's credibility, given the centrality of the two supposed omissions to her analysis, we cannot conclude that remand would be futile. *See Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006).

▮ The IJ alternatively decided that one of the beatings Hassan described, which occurred in July 1991, was not "of an extreme nature" and therefore did not constitute past persecution and that Hassan had not established that the other beating, which occurred in August 1991 and resulted in Hassan's hospitalization, involved government actors. We cannot affirm based on the IJ's conclusion concerning the first beating because "a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the

**36**

level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). In addition, Hassan testified that his August beating was inflicted by persons affiliated with the ruling government. Because it is unclear to what extent the IJ's finding of a lack of nexus was infected by an adverse credibility finding, we believe that the agency should also re-examine this finding.

The IJ also held that Hassan's July 1991 beating did not constitute torture. We are uncertain of the basis for this conclusion because it would seem that being beaten with three-foot sticks for half an hour, as Hassan testified, would cause "severe pain" as required by the regulation defining torture. *See* 8 C.F.R. § 1208.18(a)(1). The IJ did not consider the August 1991 beating in terms of CAT relief presumably because she already had determined that Hassan failed to show that his assailants were government employees. Because we have required reexamination of that finding, the agency should, on remand, reconsider Hassan's CAT claim in light of both claimed beatings. *See id.* § 1208.16(c)(3).

Because all of the IJ's subsequent reasoning rested on her error-infected conclusions that (1) Hassan had not testified credibly and (2) even if Hassan's testimony was credible, it did not establish past persecution on a protected ground or torture, we must vacate the BIA's order affirming the IJ's order.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and this mattter is REMANDED for further proceedings consistent with this order. We deny petitioner's motion for a stay as moot.